UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                          ) | CR 218-14 |
| ) | |
| JESSICA TABUTEAU                 ) | |

## PLEA AGREEMENT

Defendant Jessica Tabuteau, represented by her counsel Jason Clark, Esq., and the United States of America, represented by Assistant United States Attorney Matthew A. Josephson, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. Guilty Plea

Defendant agrees to enter a plea of guilty to a lesser-included offense contained within Count One of the Indictment, *Conspiracy to Possess with Intent to Distribute and to Distribute a Quantity of Cocaine*, in violation of Title 21, United States Code, Section 846. The government agrees to dismiss the remaining count(s) at sentencing.

2. Elements and Factual Basis

The elements necessary to prove the lesser-included offense charged in Count One, *Conspiracy to Possess with Intent to Distribute and to Distribute a Quantity of Cocaine* are:

   (1) Two or more people in some way agreed to try to accomplish a shared and unlawful plan to possess a quantity of cocaine;

   (2) the defendant, knew the unlawful purpose of the plan and willfully joined in it; and

    (3)    the object of the unlawful plan was to possess with intent to distribute and to distribute a quantity of cocaine.

Defendant agrees that she is, in fact, guilty of this offense. She agrees to the accuracy of the following facts, which satisfy the required elements:

Beginning on a date at least as early as December 19, 2016, and continuing up to and including September 2018, the precise dates being unknown, in Glynn and McIntosh Counties, within the Southern District of Georgia, and elsewhere, the defendant, Jessica Tabuteau, aided and abetted by Keneil King and Andrew Jackson, aka "Drew," as well as others, known and unknown, with some joining the conspiracy earlier and others joining later, did knowingly and intentionally combine, conspire, confederate and agree with others, known and unknown, to possess with intent to distribute and to distribute a quantity of cocaine, a Schedule II controlled substance. All in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

3. <u>Possible Sentence</u>

Defendant's guilty plea will subject her to the following maximum possible sentences:

Count One, Lesser Included Offense: *Conspiracy to Possess with Intent to Distribute and to Distribute a Quantity of Cocaine*:

-Not more than 20 years of incarceration;
-Not less than 3 years of supervised release, up to life;
-A fine up to $1,000,000; and
-A $100 mandatory special assessment.

4. <u>No Promised Sentence</u>

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw her plea of guilty if she receives a more severe sentence than she expects.

5. Court's Use of Sentencing Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining the Defendant's sentence. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count or Counts to which Defendant is pleading guilty.

6. Agreements Regarding Sentencing Guidelines

  a. Use of Information

Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range. It is understand however, that information received via U.S.S.G. § 1B1.8 will not be used against the defendant, so long as the

3

defendant is truthful and does not commit any conduct that is inconsistent with acceptance of responsibility.

    b.    <u>Acceptance of Responsibility</u>

The government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on Defendant's timely notification of her intention to enter a guilty plea.

    c.    <u>Quantity of Drugs</u>

The government and Defendant agree to recommend to the U.S. Probation Office and the Court at sentencing that, for purposes of Section 2D1.1 of the Sentencing Guidelines, the offense involved at least 500 grams but less than 2 kilograms of cocaine.

    d.    <u>Mitigating Role</u>

The government will not oppose a recommendation by the United States Probation Office that the defendant receive a full four (4) level reduction for minimal role reduction under U.S.S.G. § 3B1.2(a), if applicable.

7.    <u>Cooperation</u>

    a.    <u>Complete and Truthful Cooperation</u>

4

The defendant must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of others in state and federal court. Defendant shall fully and truthfully disclose her knowledge of those offenses and shall fully and truthfully answer any question put to her by law enforcement officers about those offenses.

This agreement does not require Defendant to "make a case" against any particular person. Her benefits under this agreement are conditioned only on her cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

 b. <u>Motion for Reduction in Sentence Based on Cooperation</u>

The government, in its sole discretion, will decide whether Defendant's cooperation qualifies as "substantial assistance" pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35 and thereby warrants the filing of a motion for downward departure or reduction in Defendant's sentence. If such a motion is filed, the Court, in its sole discretion, will decide whether, and to what extent, Defendant's sentence should be reduced. The Court is not required to accept any recommendation by the government that the Defendant's sentence be reduced.

8. <u>Financial Obligations and Agreements</u>

 a. <u>Special Assessment</u>

Defendant agrees to pay a special assessment in the amount to be ordered by the Court, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

b.   <u>Required Financial Disclosures</u>

By the date that Defendant enters a guilty plea, Defendant shall complete a financial disclosure form listing all her assets and financial interests, whether held directly or indirectly, solely or jointly, in her name or in the name of another. Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports with the Court and the United States Probation Office. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

c.   <u>Financial Examination</u>

Defendant will submit to an examination under oath on the issue of her financial disclosures and assets if deemed necessary by the United States. Such examination will occur not later than 30 days after the entry of Defendant's guilty plea.

d.   <u>No Transfer of Assets</u>

Defendant certifies that she has made no transfer of assets in contemplations of this prosecution for the purpose of evading or defeating financial obligations created by this Agreement or that may be imposed upon her by the Court at sentencing. Defendant promises that she will make no such transfers in the future.

e.   <u>Material Change in Circumstances</u>

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in this case. Such notification will be made within seven days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.

f.  **Enforcement**

Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant understands and agrees that the financial obligations imposed by the judgment of the Court in this case will be placed on the Treasury Offset Program so that any federal payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

9.  **Waivers**

   a.  **Waiver of Appeal**

Defendant entirely waives her right to a direct appeal of her conviction and sentence on any ground. The only exceptions are that the Defendant may file a direct appeal of her sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs her attorney not to file an appeal.

   b.  **Waiver of Collateral Attack**

Defendant entirely waives her right to collaterally attack her conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack her conviction and sentence based on a claim of ineffective assistance of counsel.

c. <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

d. <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or her plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

10. <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty,

including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

11. <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that her attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by her attorney.

12. <u>Breach of Plea Agreement</u>

If Defendant fails to plead guilty, withdraws or attempts to withdraw her guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines. In addition, the government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

13. <u>Entire Agreement</u>

This agreement contains the entire agreement between the government and Defendant.

*Signatures on following page*

|  |  |
|---|---|
|  | BOBBY L. CHRISTINE<br>UNITED STATES ATTORNEY |
| _____<br>Date | _____<br>Brian T. Rafferty<br>Chief, Criminal Division |
| _____<br>Date | _____<br>Matthew A. Josephson<br>Assistant United States Attorney |

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

8/13/18
Date

*Jessica Tabuteau* (signature)
Jessica Tabuteau
Defendant

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with her. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

8/13/18
Date

*Jason Clark* (signature)
Jason Clark, Esq.
Defendant's Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR: 218-14 |
| | ) |
| JESSICA TABUTEAU | ) |

### ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change her plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This 28 day of September, 2018.

_____
LISA GODBEY WOOD
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA